Fountain DAVIS and Celia Davis

v.

Roswell DAVIS et al.

Supreme Judicial Court of Maine.

July 23, 1969.

Silsby & Silsby, by Frank B. Walker, Ellsworth, for plaintiffs.

Libhart & Cox, by Wayne P. Libhart, Brewer, for defendants.

WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

WILLIAMSON, Chief Justice.

This is an action under 14 M.R.S.A. Secs. 6655–6658 to quiet and establish title to land in Deer Isle and to remove a cloud from the title. The Court below found for the plaintiffs. Two of the defendants appealed; the others were defaulted.

The pertinent provision of 14 M.R.S.A. Sec. 6655 is that the plaintiff must establish uninterrupted possession of the land for four years or more, claiming an estate of freehold. The action is equitable in nature.

The Court in its "Decree" said:

"All parties are children, and the heirs at law, of one John Davis, who died intestate on December 9, 1963. Mr. Davis had owned the land in question but was in tax default to Deer Isle. The Town gave the Plaintiffs two tax deeds dated, respectively, February 4, 1961 and October 30, 1961, which were both recorded November 9, 1964.

"The Plaintiffs, husband and wife, identified the land described in the tax deeds as being that formerly owned by John Davis, as alleged in the complaint. They first were in possession in 1961 although, until 1964, they erroneously believed the State of Maine had title because of assistance given their father. They have paid all the taxes assessed against the premises.

"From the facts established, and the exhibits, title to the premises described in the complaint vests in the Plaintiffs. The status of the Plaintiffs with reference to their period of uninterrupted possession of said premises (Title 14, Section 6655, M.R.S.A.) is modified, as to the four (4) year period, by Title 36, Section 946, M.R.S.A."

The Court did not note that the plaintiff Celia Davis was the wife of the plaintiff Fountain Davis, a child of John Davis.

The Court in its "Judgment" also said:

"The court further finding that all parties to this action are the children and all the heirs-at-law of John G. Davis, who died intestate on December 9, 1963. Said John G. Davis lost title to the land in question to the Town of Deer Isle thru matured tax liens. Plaintiffs acquired title to the land in question by deed from the Inhabitants of the Town of Deer Isle dated February 4, 1961 and recorded in Hancock Registry of Deeds Book 972, Page 183, and deed from said Inhabitants of the Town of Deer Isle dated October 30, 1961, and recorded in said Registry Book 972, Page 185."

\*   \*   \*   \*   \*   \*

"This Judgment and Decree shall operate directly on the above described land and real estate and shall have the effect of a deed of quitclaim from all defendants to the premises described herein."

The defendants charge error, in the points of appeal;

(1) in finding possession in the plaintiffs since 1961;

(2) in ruling that 36 M.R.S.A. Sec. 946 was applicable; and

(3) in finding that the plaintiffs met their burden of proof.

Our decision turns on the second point of appeal.

36 M.R.S.A. Sec. 946,[1] which the Court applied in its decree, provides an action for establishing and confirming title acquired by a purchaser from a municipality, as here by the plaintiffs from Deer Isle. The action is available to the purchaser "whether in possession of such real estate or not."

An action specifically stated to be under the quieting title statute (14 M.R.S.A. Sec. 6655 et seq.) bears no direct relationship to an action under the tax title statute (36 M.R.S.A. Sec. 946). Under the quieting title statute, the plaintiffs must prove four years uninterrupted possession claiming an estate of freehold; under the tax title statute, no possession or claim of freehold need be shown.

We construe the findings of the Court to be that the plaintiffs did not have the four years uninterrupted possession of the quieting title statute. If the Court had found such possession, together with a claim of freehold, there would have been no reason to apply the tax title statute. We think it plain that the decision below would have been for the defendants, except for the use made by the Court of the tax title statute.

The plaintiffs brought their case under the quieting title statute. The complaint specifically states that "This action is brought pursuant to 14 M.R.S.A. Sec.

---

1. 36 M.R.S.A. Sec. 946. *Action for equitable relief after period of redemption; procedure.*

   \*   \*   \*   \*   \*

"Any purchaser from a municipality of real estate or lien thereon acquired by a municipality as a purchaser at a sale thereof for nonpayment of taxes, or acquired under the alternative method for the enforcement of liens for taxes provided in sections 942 and 943, whether in possession of such real estate or not, after the period of redemption from such sale or lien has expired, may maintain an action for equitable relief against any and all persons who claim or may claim some right, title or interest in the premises adverse to the estate of such municipality or purchaser."

   \*   \*   \*   \*   \*

"2. *Decree; effect.* The plaintiff in such action shall pray the court to establish and confirm its title to the premises described in the complaint as against all the defendants named or described therein, and if upon hearing the court shall find the plaintiff's title so to be good it shall make and enter its decree accordingly, which decree when recorded in the registry of deeds for the county or district where the real estate lies shall have the effect of a deed of quitclaim of the premises involved in the action from all the defendants named or described therein to the plaintiff."

"3. *Jury.* At the trial of the cause, issues of fact may be framed upon application of any party to be tried by a jury whose verdict shall have the same effect as the verdict of a jury in civil actions."

6655–6658." Not until the Court eliminated the possession as a factor by applying the tax title statute do we find any suggestion by either party that the case was not an action strictly under the quieting title statute.

Apart from the four year possession requirement there is a vital difference between the statutory actions. The parties are entitled to a jury verdict under the tax title statute, and not under the quieting title statute. "The right of trial by jury as declared by the Constitution of the State of Maine or as given by a statute shall be preserved to the parties inviolate." M.R.S.A. Rule 38(a).

■ The principle is familiar and long established that there must be strict compliance with statutory provisions to divest a property owner of his title for nonpayment of taxes. McCarty v. Greenlawn Cem. Assn., 158 Me. 388, 185 A.2d 127.

The Legislature has relieved in some respects the difficulties facing the claimant under a tax title. For example 36 M.R.S.A. Sec. 947 creates a presumption of validity under certain conditions. It does not follow, however, that the rule of strict compliance may be broken by bringing the tax title statute to the aid of the plaintiff seeking relief through the quieting title statute.

■ We have here a mix in the Court's decision of the quieting title statute (14 M.R.S.A. Secs. 6655–6658) and the tax title statute (36 M.R.S.A. Sec. 946). In our view an action under the one statute stands alone and apart from an action under the other. Thus only in an action under the tax title statute is the provision "whether in possession—or not" effective. In a quieting title statute action, that is; in this case, there must be established four years uninterrupted possession; and this the plaintiffs have failed to do.

The appeal therefore must be sustained. Our decision does not preclude the plaintiffs from an action under 36 M.R.S.A. Sec. 946. Whether the present complaint may be amended to this end is for the Court below to determine.

In our view of the case, it would serve no useful purpose to consider the other points of appeal.

The entry will be

Appeal sustained.

TAPLEY, J., sat at argument but retired before the opinion was adopted.