JEFFREY K. BANWART *et al.*, Plaintiffs-Appellees, *v.* BIRGER OKESSON, Defendant-Appellant.

Second District   No. 79-219

Opinion filed April 22, 1980.

James F. Whitfield and Cornelius Riordon, both of Wheaton, for appellant.

Timothy Q. Sheldon, of Elgin, and James A. Stamos, of Chicago, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

This is an action for damages brought under the Structural Work Act (Ill. Rev. Stat. 1977, ch. 48, par. 60 *et seq.*). A jury returned a verdict in favor of plaintiffs, Jeffrey Banwart and Kenneth Kluxdal, in the amounts of $50,000 and $67,000 respectively and judgment was entered on the verdict. Defendant, Birger Okesson, appeals from the denial of his

motion for summary judgment, the denial of his motion for judgment *n.o.v.*, his motion for a new trial, and from the judgments entered on the verdict.

Defendant is the owner of a building which had been damaged by fire and which he was restoring. He contracted with plaintiffs' employer, Ronald Banwart, to paint the exterior trim of the building. The job required the use of scaffolding, and Ronald Banwart did not own the type necessary. Defendant allowed the use of scaffolding which was in the basement of the building, although he stated that he did not own it; he also helped assemble the scaffolding. In order to perform the work, an aluminum ladder was placed by the workers on supporting planks on the scaffold, and for several days this arrangement worked with no apparent problem. Defendant directed the number of coats and type of paint to be used and where to paint first. He was on the job site daily, since his business was there, and he often spoke with the workers, including the plaintiffs. At a point during the performance of the work, defendant asked that the ladder be tied to the building and that no drop cloth be used in a certain location; these requests were apparently not complied with. He also requested at one time that the scaffold be placed closer to the building, which plaintiff Kluxdal did "to make him happy." At the end of each day the scaffold and all the painting equipment were stored in the basement of defendant's building and the painters would remove the equipment for use each morning.

On the day of the accident, two ladders were placed on the scaffold; defendant was on the premises, but was not present at the time that the fall occurred; according to a fellow worker who viewed the accident from about 50 feet away, plaintiff Jeffrey Banwart was on one ladder for five to 15 minutes, at which time plaintiff Kluxdal climbed the second ladder. Within a minute the scaffold toppled, falling in one piece and not breaking until it landed on the ground. Plaintiffs sustained injuries in the fall and brought the present action.

■■ ■ The purpose of the Structural Work Act is to protect persons engaged in extrahazardous work; the Act establishes a duty on "[a]ny owner * * * or other person having charge of the * * * repairing, alteration, * * * or painting of any building" to use specified safeguards and standards of safety. (Ill. Rev. Stat. 1977, ch. 48, par. 69.) Mere ownership is not enough to establish liability under the Act, and an owner must "have charge of" the work before he can be held responsible. (*Gannon v. Chicago, Milwaukee, St. Paul & Pacific Ry. Co.* (1961), 22 Ill. 2d 305, 175 N.E.2d 785.) The question of whether a person was in charge of the work is generally a question of fact and the term "having charge of" should not be defined for the jury because it is of common usage and understanding and a further attempt at definition can only lead to

confusion and error. *Norton v. Wilbur Waggoner Equipment Rental & Excavating Co.* (1979), 76 Ill. 2d 481, 394 N.E.2d 403.

■■ We do not consider defendant's allegation of error in the denial of his motion for summary judgment because after an evidentiary trial, a previous order denying a motion for summary judgment is not reviewable, any error in the denial being merged in the subsequent trial. (*Home Indemnity Co. v. Reynolds & Co.* (1962), 38 Ill. App. 2d 358, 187 N.E.2d 274.) In considering the denial of defendant's motion for judgment *n.o.v.*, we bear in mind that a judgment *n.o.v.* should be entered only when all the evidence, when viewed most favorably to the opponent, so overwhelmingly favors the movant that no contrary verdict on that evidence could ever stand. *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.

In determining whether the motion for judgment *n.o.v.* should have been denied on the issue of "having charge of the work," we review and compare other similar cases passed on by our reviewing courts. In *Melvin v. Thompson* (1963), 39 Ill. App. 2d 413, 188 N.E.2d 497, summary judgment for the defendant owner was affirmed under the following facts: plaintiff was painting a sign on defendant's building; the owner provided detailed instructions regarding the work to be done, the type of paint to be used, and the time at which the work was to be completed; he provided a ladder which was used to reach the roof from which the scaffolding was then placed; he examined the scaffolding rope and informed one of the workers that it did not appear to be sturdy and then tested the rope for strength and concluded, "I guess it is all right, it looks as if it will hold"; he inspected the paint; he instructed the workers where to move and that they were to scrape off the old paint and indicated various locations where insufficient paint was being used; he indicated that the paint was too thick and instructed the workers that it be thinned out; and after the plaintiff fell he instructed another worker to clean up the debris. The *Melvin* court concluded that these activities of the owner were merely efforts to require compliance with the contract and to insure the quality of the work; that in so doing, the owner was merely asserting his rights under the contract and his rights as the owner of the land, and that he could not reasonably be concluded to have been "in charge of" the work for purposes of establishing liability under the Structural Work Act.

In *Daniels v. Weiss* (1974), 17 Ill. App. 3d 294, 308 N.E.2d 46, plaintiff appealed from an order granting defendant's motion for summary judgment. The facts of that case revealed the following: defendant owner contracted with plaintiff's employer to paint 337 windows; defendant had a resident janitor who was at the building continuously; defendant checked the work progress from time to time, but denied that he exercised control over plaintiff or other workers; defendant did not

provide scaffolding or control its use; the contract guaranteed good paint and workmanship; plaintiff contended that defendant was in charge through the presence of the resident janitor who, according to plaintiff's deposition, provided instructions regarding the work to be done, showed where the paint was, where the scaffold had been left the day before, and where broken windows were to be replaced; the janitor also told the workers where to start painting. The deposition of the janitor stated that he had been in charge of the building for five years; that he had been asked to cooperate with the painters in regard to the use of keys; that he was to watch to see that the workers were painting the windows; that the janitor let the painters into the building every day; that the janitor did not help to put up the scaffold; and that while the janitor had no authority to stop the work, he stated that he would have stopped it had there been drinking on the job. On appeal it was held that the only evidence that defendants had charge of the work was the janitor's statement that he had authority to stop the work; however, for purposes of considering the motion for summary judgment, the court concluded that the evidence was sufficient to show that the janitor did not, in fact, have such authority and that his assertion was worthless. The court also noted that allowing painters access to the work site and their materials, informing men new to the job where the previous day's painters had left off, and showing the painters the windows that had to be painted did not place defendants in charge of the work, but only constituted an exercise of the rights of ownership and the owner's rights under the contract.

In *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457, the supreme court considered the granting of a defendant's motion for summary judgment in a Structural Work Act case, but based its decision solely on the fact that the defendants provided affidavits which were uncontested and which showed evidentiary facts refuting the allegation that defendant was in charge of the work, and that the material facts therein were necessarily accepted as true and that there was no evidence to support the allegation of the complaint that defendant was in charge of the work; the court did not pass on the nature of the evidence, and we accordingly do not find *Carruthers* to be of use in considering the present cause.

In our opinion, the facts of the present cause extend somewhat farther than those in either *Melvin* or *Daniels*; defendant here not only provided the scaffolding and assisted in assembling it, but instructed the workers where he thought they should place the scaffolding, and attempted to provide additional instruction to the workers during the time that they were working. Noting that the above cited cases all arose on motions for summary judgment, and that the present cause arises through the denial of a motion for judgment *n.o.v.* we conclude that

when all of the evidence is viewed in the light most favorable to the plaintiffs herein, we cannot say that no contrary verdict on the evidence could ever stand, and the decision to deny the motion for judgment *n.o.v.* was accordingly correct.

Defendant has argued three factors in support of his contention that the trial court erred in denying his motion for a new trial. A motion for a new trial is properly denied if the verdict is not against the manifest weight of the evidence (*Jardine v. Rubloff* (1978), 73 Ill. 2d 31, 382 N.E.2d 232; *American National Bank & Trust Co. v. Bourland* (1978), 65 Ill. App. 3d 977, 382 N.E.2d 1380); a verdict is against the manifest weight of the evidence when an opposite conclusion is clearly apparent or the finding of the jury appears to be unreasonably arbitrary and not based on the evidence. *Kittoe v. Metropolitan Sanitary District* (1979), 70 Ill. App. 3d 197, 387 N.E.2d 1031.

■ Defendant first contends that there was insufficient evidence to show a willful violation of the Act. What constitutes the erection of scaffolding in a "safe, suitable and proper manner" is a question of fact for the jury (*Walden v. Schillmoeller & Krofl Co.* (1969), 111 Ill. App. 2d 95, 248 N.E.2d 547), and it is our opinion that under the facts set out above, there was sufficient evidence regarding defendant's required placement of scaffolding to provide the jury with a basis on which to reach its decision that there was a willful violation of the Act.

■ Second, defendant contends that the trial court committed prejudicial error in allowing a witness being examined by plaintiff's attorney to answer a question stating that defendant was a person in charge of the work. We note that on cross-examination of the same witness, defendant's attorney had asked the witness who would be in charge of the work in his absence; this opened the door to questions regarding who was in charge of the workers, and it is our view that it was appropriate for plaintiff's attorney, on redirect examination, to ask a similar question in regard to defendant, lest the jury be misled into thinking that only one person could be "in charge of" the work.

■ Finally, defendant contends that it was error to admit the evidence deposition of Dr. Barnett; Dr. Barnett was not the treating physician of plaintiff Kluxdal, but rather examined plaintiff Kluxdal some nine months after the accident for the purpose of preparing a report for Kluxdal's workmen's compensation hearing. Specifically, defendant objects to testimony in the evidence deposition regarding the physician's opinion of the injuries and the fact that some of the facts considered by the physician were contained in hospital records and were therefore hearsay. We note that defendant's attorney at trial was also present at the evidence deposition of the doctor who examined plaintiff Kluxdal; that defendant's attorney objected initially to the hypothetical question which was posed

to the doctor, but objected only to the form of the question, not its substance, a problem which was immediately corrected; there was no objection raised as to the alleged hearsay in the use of hospital records. Since defendant's attorney was present at the evidence deposition and had an opportunity to challenge both the hypothetical question used and the nature of the information on which the doctor was relying, and since defendant's attorney did not make appropriate objections at that time, we view any objection in this area at trial as having been waived. (Supreme Court Rule 211(c)(1) (73 Ill. 2d R. 211(c)(1)); *Hahn v. Norfolk & Western R.R. Co.* (1978), 59 Ill. App. 3d 904, 375 N.E.2d 914.) Having considered the contentions in support of the motion for a new trial, we hold that the trial court's decision was not against the manifest weight of the evidence.

For the reasons cited above, we affirm the judgment of the trial court.

Affirmed.

SEIDENFELD, P. J., and VAN DEUSEN, J., concur.