Samuel S. BIGNEY

v.

Harold M. BLANCHARD[1] et al.

Supreme Judicial Court of Maine.

Argued March 17, 1981.

June 11, 1981.

---

1. This was originally a lawsuit commenced by the plaintiff against John Breau and others. Many of the parties defendant, including Breau, are no longer active participants in the case by reason of various procedural maneuvers in the District Court. Accordingly, we have recaptioned the case by substituting as named defendant Harold M. Blanchard, whose name first appears on the notice of appeal from the Superior Court to the Law Court.

Samuel S. Bigney, pro se.

Perkins & Edwards, Philip C. Worden (orally), Richard Edwards, Guilford, for Harold M. Blanchard, Mercedes M. Blanchard and Donna M. Lee.

Before McKUSICK, C. J., GODFREY, NICHOLS, GLASSMAN * and CARTER, JJ., and DUFRESNE, A. R. J.

DUFRESNE, Active Retired Justice.

This is an action brought in District Court (Piscataquis) by the plaintiff, Samuel S. Bigney, pursuant to 14 M.R.S.A. § 6651 et seq. (1980), to quiet title to certain real estate situated on the easterly side of Main Street in Greenville and appearing as an unnamed street on the Oakes plan and survey, so-called, made in 1881, recorded in Piscataquis Registry of Deeds, Vol. 1, Page 59. In the complaint, Bigney asserted that he had obtained title to the property either by adverse possession or through a conveyance from the Town of Greenville. The District Court dismissed the complaint with

an award of costs in favor of the defendants, but the Superior Court reversed on the ground that the plaintiff was entitled as a matter of law to summary judgment in his favor. In this, there was error and we sustain the defendants' appeal and vacate the Superior Court judgment.

In the District Court Bigney made a motion for summary judgment pursuant to M.D.Ct.Civ. Rule 56, but, after hearing, the District Court Judge denied it on July 5, 1979 and ordered hearing on the merits, which took place on August 23, 1979. On September 7, 1979 the District Court Judge issued the court's order dismissing the plaintiff's complaint with costs on the grounds that the plaintiff had "neither title sufficient to sustain this action, nor possession sufficient to entitle him to bring it." [2] From the Judge's decision filed with the reference final order of judgment, we note that the Court's previous interlocutory denial of the plaintiff's motion for summary judgment was based, as stated therein, on the ground that the sole affidavit submitted by the plaintiff was merely conclusory and that the defendants had raised a genuine issue of material fact.

Bigney's appeal to the Superior Court, Piscataquis County, was taken from the final judgment dismissing his complaint, and, pursuant to M.D.Ct.Civ. Rule 73(a) providing that an appeal from judgment preserves for review any claim of error in the record, expressly sought review of the Court's denial of his motion for summary judgment. As stated previously, the Superior Court sustained the plaintiff's contention that he was entitled to summary judgment on his motion for such relief, wholly disregarding the District Court's final adjudication on the merits of the case after full hearing. As mentioned above, there was error at the Superior Court level.

---

* Glassman, J., sat at oral argument and participated in conference, but died before the opinion was adopted.

**2.** For cases holding possession for 4 years or more as an essential prerequisite to bringing an

action to quiet title, see Harrington v. Inhabitants of Town of Garland, Me., 381 A.2d 639 (1978); Davis v. Davis, Me., 255 A.2d 903 (1969).

■ Initially, we take notice that, in a civil appeal from the District to the Superior Court, the Superior Court exercises its appellate jurisdiction in the same way the Law Court entertains appeals from the Superior Court, *i. e.* it determines whether there was error of law in the court below. Indeed, pursuant to Rule 73(a), M.D.Ct.Civ. Rules, the appeal shall be on questions of law *only* and shall be determined by the Superior Court without jury on the record on appeal, with findings of fact of the District Court not to be set aside unless clearly erroneous. Furthermore, there is no reason, in logic, to treat the appealability of a District Court judgment in any different manner than comparable judgments are dealt with on appeal from the Superior Court to the Law Court. *Maine Mack, Inc. v. Skeels*, Me., 330 A.2d 420, 422 (1975); *Maine Savings Bank v. DeCosta*, Me., 403 A.2d 1195, 1198 (1979). Hence, subject to minor exceptions, an appeal may be taken from the District Court decision to the Superior Court only from a "final judgment." Maine Civil Practice, Field, McKusick and Wroth, 2 Ed., Commentary, § 173.5.

■ Denial of the plaintiff's motion for summary judgment was an "interlocutory" ruling and, since it did not qualify as a final judgment, the matter could not be the subject of a direct and immediate appeal. *General Electric Credit Corp. v. Smith*, Me., 230 A.2d 414 (1967). In the instant case, however, the plaintiff did not pursue an immediate appeal; rather, he waited to seek review of the denial of his motion for summary judgment until final judgment had been entered against him after hearing on the merits.

The question before us, then, is whether the correctness of a pretrial denial of a summary judgment may be reviewed on appeal from a final judgment entered following a full trial of the case. We answer in the negative.

In reaching this conclusion, we have in mind the broad sweep of Rule 73(a), M.D. Ct.Civ. Rules, which states that "[a]n appeal from a judgment, whenever taken, preserves for review any claim of error in the record," and also the mandatory language of Rule 56(c), M.R.Civ.P. applicable in the District Court, to the effect that "[j]udgment *shall be rendered forthwith* if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Nonetheless, courts do possess some discretion affirmatively to deny a summary judgment request, as the District Court did in the instant case, in favor of a full hearing on the merits, especially if in the court's mind the promotion of justice requires it. *Metropolitan Mortgage Fund, Inc. v. Basiliko*, 288 Md. 25, 415 A.2d 582 (1980), and federal authorities cited therein at 583–584.

■ The summary judgment process is a purely procedural device for the expeditious disposition of cases in which there exists no material issue of fact and only questions of law are involved. Its proper and only function is to permit the court prior to trial to determine whether there is present a triable issue of fact requiring trial or whether the question before the court is solely one of law. *See Coast Elevator Co. v. State Board of Equalization*, 44 Cal.App.3d 576, 118 Cal. Rptr. 818, 824 (1975). Its underlying purpose is to expose a sham claim or untenable defense by requiring a party to commit himself under oath by an affidavit in support of the allegations in his pleadings. It may be used to isolate a question of law which will be dispositive of the case. Maine Civil Practice, Field, McKusick and Wroth, 2d Ed., Commentary, § 56.1. The invocation of the summary judgment procedure does not allow the court to decide an issue of fact, but only to determine whether a genuine question of fact exists, and, if issues of material facts are presented by the pleadings and record, summary judgment is not in order. *Tallwood Land & Development Co. v. Botka*, Me., 352 A.2d 753, 755 (1976); *Beckwith v. Rossi*, 157 Me. 532, 175 A.2d 732 (1961).

■ Though they are nearly unanimous in holding that an order denying a motion

for summary judgment may not be the subject of a direct and immediate appeal, the authorities are divided on the question whether such denial may be reviewed as part of an appeal from the final judgment later entered in the matter. We believe the appropriate rule to be that the denial of a motion for summary judgment before trial is not reviewable *as such* on appeal after hearing or trial of the case on its merits. That does not mean to say that, if the reason for seeking summary judgment at the pretrial stage still persists after full trial of the issues, a party may not preserve for appellate review the point that, even on the merits of the case, he is entitled to judgment in his favor as a matter of law. This may be done by moving for judgment at the close of all the evidence pursuant to M.D.Ct.Civ. Rule 50.[3] In jury trials, the same could be done by motion for directed verdict or motion for judgment notwithstanding the verdict. Rule 50, M.R.Civ.P.

■ The denial of a motion for summary judgment followed by a full hearing or trial on the merits may be likened to a denial of a motion for a directed verdict at the conclusion of a plaintiff's proof and the defendant thereafter presents evidence; in either case, the deficiencies existing at the time of the motion may well have been supplied by the evidence at full trial of the issues. *Davis v. Allen*, Me., 255 A.2d 894 (1969). Failure to renew the motion at the close of all the evidence operates as a waiver of the prior motion and precludes appellate review. *State v. York*, Me., 324 A.2d 758, 769 (1974); *State v. Farmer*, Me., 324 A.2d 739, 747 (1974). *See also American Physicians Insurance v. Hruska*, 244 Ark. 829, 428 S.W.2d 622, 624 (1968).

The Illinois Court views the result of the denial of a motion for summary judgment as merging in the subsequent trial. *Banwart v. Okesson*, 38 Ill.Dec. 630, 83 Ill. App.3d 222, 403 N.E.2d 1234, 1236 (1980);

*Home Indemnity Company v. Reynolds & Co.*, 38 Ill.App.2d 358, 187 N.E.2d 274, 278 (1962). The Georgia Court reaches the same result on the ground that hearing the case on its merits moots the issue whether the motion for summary judgment was properly denied or not. *Preferred Risk Mutual Ins. Co. v. Thomas*, 153 Ga.App. 154, 264 S.E.2d 662 (1980); *Talmadge v. Talmadge*, 241 Ga. 609, 247 S.E.2d 61, 62 (1978).

The summary judgment procedure is not a substitute for a trial, but is strictly a pretrial mechanism wherein only one thing is decided, to wit, whether there exists any real dispute as to material facts requiring a trial, or, in final analysis, whether the case should go to trial. *Navajo Freight Lines, Inc. v. Liberty Mutual Ins. Co.*, 12 Ariz.App. 424, 471 P.2d 309, 313 (1970); *Impala Platinum Ltd. v. Impala Sales, Etc.*, 283 Md. 296, 389 A.2d 887 (1978).

Once that determination is made, that there do exist triable issues of fact and that such issues can be resolved only after full hearing, and the motion for summary judgment is of necessity denied, this preliminary procedural device used exclusively to determine actual triability of the controversy has fulfilled its purpose and spent its force, and has become what is known in law as functus officio. *See In re Borough of Derry*, 168 Pa.Super. 415, 79 A.2d 127, 129 (1951); *Riley v. State*, 204 Miss. 562, 37 So.2d 768, 770 (1948); *Siemers v. St. Louis Electric Terminal Ry. Co.*, 348 Mo. 682, 155 S.W.2d 130, 135 (1941); *Braun v. Brown*, 14 Cal.2d 346, 354, 94 P.2d 348, 354, 127 A.L.R. 773 (1939).

To hold otherwise and allow reviewability of the correctness vel non of the denial of a motion for a summary judgment as of the time the motion was denied could lead to the absurd result that one who has sustained his position after a full trial and a more complete presentation of the evidence

---

**3.** Rule 50. *Motion for judgment*

A motion for judgment may be made at the close of the evidence offered by an opponent or at the close of all the evidence. A party who moves for judgment at the close of the evidence offered by an opponent may offer evidence in the event that the motion is not granted, without having reserved the right so to do and to the same extent as if the motion had not been made. A motion for judgment shall state the specific grounds therefor.

might nevertheless find himself losing on appeal because he failed to prove his case fully at the time of the hearing of the motion for summary judgment. This would defeat the fundamental purpose of the particular judicial procedure and deprive a party of a fair trial to which he is entitled. *All-States Leasing Co. v. Pacific Empire Land*, 31 Or.App. 733, 571 P.2d 192 (1977); *Bruno v. Hartford Accident & Indemnity Co.*, La.App., 337 So.2d 241 (1976).

Our position is consistent with the limited scope of the summary judgment procedure, which we recognize is an extreme remedy to be cautiously invoked. *Cardinali v. Planning Board of Lebanon*, Me., 373 A.2d 251, 255 (1977). Our present holding will in no way prejudice the substantive rights of the party making the motion for summary judgment; if hearing on the merits of the case does not dissipate the reasons why the motion for summary judgment in favor of the movant was originally tendered and it now appears that it should prevail if submitted anew, the party may reassert his entitlement to a judgment in his favor by filing a new independent motion for judgment, which, if denied, could be the subject of appellate review.

In the instant case, the Superior Court should not have reviewed the correctness of the District Court's denial of the plaintiff's motion for summary judgment, but rather should have proceeded directly to determine whether there was error of law in the District Court's final judgment upon full hearing in favor of the defendants.

On an appeal from the Superior Court to the Law Court in a case where the Superior Court acts solely as an appellate court and not de novo, our own task is not to review the intermediate decision of the Superior Court, but to assess the legality of the original District Court adjudication, *e. g.* to ascertain whether or not on the record brought up from the District Court errors of law are apparent which affect the validity of the judgment. *State v. Michael Z.*, Me., 427 A.2d 476, 477 (1981); *Forer v. Quincy Mutual Fire Insurance Co.*, Me., 295 A.2d 247, 249 (1972).

We conclude that the Superior Court should have denied the plaintiff's appeal. Bigney never supplied either the Superior Court or this Court with a transcript of the proceedings in the District Court or, in the alternative, with one of the substitutes for such a transcript provided for by M.D.Ct. Civ. Rule 75. Hence, there was no way for any appellate court to review the District Court's factual findings underlying the Judge's determination in favor of the defendants that Bigney had established neither adverse possession in himself nor prior title in the Town of Greenville. *See State v. Meyer*, Me., 423 A.2d 955 (1980).

The entry will be:

Appeal sustained.

Judgment of the Superior Court vacated.

Remanded to the Superior Court for entry of the following judgment:

Appeal from the District Court denied.

Judgment of the District Court affirmed.

All concurring.