NORDIC SUGAR CORPORATION

v.

MAINE GUARANTEE AUTHORITY.

Supreme Judicial Court of Maine.

Argued June 28, 1982.

Decided July 22, 1982.

Joseph & Friedman, Ira J. Friedman (orally), Jack Joseph, Chicago, Ill., Bruce Billings, Limestone, for plaintiff.

Lund, Wilk, Scott & Goodall, Martin L. Wilk (orally), Augusta, for defendant.

Before GODFREY, NICHOLS, ROBERTS and CARTER, JJ., and DUFRESNE, A. R. J.

CARTER, Justice.

The plaintiff commenced this action in the Superior Court, Aroostook County, alleging that the defendant breached its contract to sell to the plaintiff the sugar beet refinery plant located in Easton.[1] After a jury returned its special verdict finding that the parties had not entered into a contract, judgment was entered for the defendant. The plaintiff here appeals on three grounds: 1) that the court erred in denying its motion for partial summary judgment; 2) that the court's failure to enter judgment for the plaintiffs after the jury returned its verdict constituted error; and 3) that the court's refusal to reinstruct the jury on the law of contracts, after the jury had requested such a review, was erroneous. Concluding that none of these claims, as postured, is cognizable on this appeal, we affirm the judgment.

The plaintiff sought a summary judgment against the defendant on the issue of whether the parties had entered into a contractual relationship for the sale of the Easton facility. *See* M.R.Civ.P. 56(c), (d). The trial court concluded on the basis of various exhibits presented to it, that a determination of whether a contract had been created required the resolution of genuine issues of fact; it therefore denied the plaintiff's motion. *See* M.R.Civ.P. 56(c). The plaintiff contends here that such denial constitutes reversible error.

We have recently held in *Bigney v. Blanchard,* Me., 430 A.2d 839 (1981) that the denial of summary judgment is not

---

1. Various claims against other originally named defendants were dismissed during the pendency of this litigation. They play no role in this appeal.

subject to attack on appeal where the case has proceeded to a trial or hearing on its merits. *Id.* at 842. Summary judgment is a "preliminary procedural device used exclusively to determine actual triability of the controversy." *Id.* Once the motion for summary judgment is denied and the matter is resolved at trial through a full evidentiary disclosure of the facts forming the basis of the legal issues of the action, the proper focus of any subsequent appeal is not the preliminary procedural mechanism of summary judgment, but the trial itself; "if hearing on the merits of the case does not dissipate the reasons why the motion for summary judgment in favor of the movant was originally tendered and it now appears that it should prevail if submitted anew, the party may reassert his entitlement to a judgment in his favor by filing a new independent motion for judgment, which, if denied, could be the subject of appellate review." *Id.* at 843. We therefore decline to review the Superior Court's denial of the plaintiff's motion for summary judgment. Rather, any argument made on this appeal that the plaintiff was entitled to judgment as a matter of law must derive from consideration of the evidence presented to the jury at the trial.

■ Yet the plaintiff did not preserve for consideration either by the trial court or by this reviewing court its claim that, on the evidence presented at trial, it was entitled to judgment as a matter of law. Within ten days after judgment had been entered upon the verdict of the jury, the plaintiff filed a motion which was captioned, "Motion for a New Trial under MRCP 59." However, from the substance of the motion itself and from plaintiff's counsel's own characterization of the motion at oral argument on this appeal, it is clear that to the extent the motion embodied a challenge to the sufficiency of the evidence, it sought the entry of a judgment favorable to the plaintiff rather than a new trial. The plaintiff sought to have the judgment entered on the verdict set aside and to have

judgment entered in its favor. Thus, that part of the motion resting on the alleged insufficiency of the evidence can only be regarded as a motion for a judgment notwithstanding the verdict. *See* M.R.Civ.P. 50(b); *Sprague v. Washburn,* Me., 447 A.2d 784, 784 n.1 (1982) (the Court will look to substance of motion); *cf. Lund ex rel. Wilbur v. Pratt,* Me., 308 A.2d 554, 557 (1973) (caption not part of pleading). We will thus construe it as such on this appeal.

■ The very terms of Rule 50(b) require that a motion for a judgment notwithstanding the verdict may be made only by a party that previously has sought a directed verdict: "a party *who has moved for a directed verdict* may move to have the verdict and any judgment entered thereon set aside and *to have judgment entered in accordance with his motion for a directed verdict* ..." (emphasis added). Of the need to move for a directed verdict in order to seek a judgment n. o. v., this Court has said:

> The underlying philosophy of Rule 50(b) necessitates, as an *indispensable component* of this relatively new procedural device of motions for judgment non obstante veredicto (n. o. v.), the previous submission to the court of a motion for a directed verdict at the close of the entire case. Such is *determinative* of a party's right to make and of a court's power to entertain a motion for judgment n. o. v. under the rule.

*Patterson v. Rossignol,* Me., 245 A.2d 852, 854 (1968) (emphasis added). *Accord, Cyr v. Cote,* Me., 396 A.2d 1013, 1019 (1979); 1 Field, McKusick and Wroth, *Maine Civil Practice* § 50.4 (2d ed. 1970). At no time during the proceedings below, however, did the plaintiff seek a directed verdict pursuant to M.R.Civ.P. 50(a).[2] Accordingly, the plaintiff has waived the issue of whether the evidence presented at trial entitled it to a favorable judgment as a matter of law, and we thus cannot take cognizance of the merits of the issue on this appeal.

**2.** The defendant, on the other hand, sought a directed verdict both at the close of the plain-

tiff's case-in-chief and at the conclusion of the evidence.

It is clear, on the other hand, that the plaintiff did in fact seek relief in the form of a new trial on the following different ground. The case was submitted to the jury on the afternoon of October 22, 1981, and the jurors adjourned that evening without having reached a verdict. After continuing its deliberations for fifteen minutes the next morning, the jury sent a note to the presiding justice requesting a "review" of his instructions on the law of contracts. The court discussed the matter with counsel, and, with all in agreement, the following response was sent to the jury:

> After conferring with counsel, the decision is that there is no way to answer your question unless the court reporter reads back the entire charge. We do not feel this is necessary.

When this note was being drafted, defense counsel suggested that the final sentence of this response be deleted. Counsel for plaintiff, however, insisted that it be included to make clear to the jury that the court would not repeat its original instructions. The defense counsel acceded to this, and the note, as it appears, was given to the jury.

Shortly after the jury was given the court's response,[3] plaintiff's counsel expressed to the court a change of heart and requested that the jury be entitled to hear the pertinent instructions once again, as it had requested. Defense counsel disagreed, and there was some difficulty drafting a new note addressed to the jury indicating that the charge would be read back to the jury if it still so desired. Before the court reporter could complete typing the final draft, the jury arrived at its special verdict finding that no contract had been formed. Conceding that the original jury instructions were substantively correct, the plaintiff now argues that the court erroneously refused to review those instructions as they set forth the principles of contract law, after the jury so requested.

█ A seasonable request to the court concerning a response to an inquiry of the jury is one made before the court makes that response, that is, while the opportunity to make a proper response exists. For example, M.R.Civ.P. 51(b) requires that objections to the substance of the court's jury charge be made before the jury commences its deliberations; the very terms of rule 51(b) foreclose the assignment of error based on such challenges made after that time. This requirement is designed to eliminate errors "which the presiding justice could have been afforded opportunity to avoid had the alleged error been called to his attention at a time when he was in a position to make appropriate correction." *Wescott v. Vickerson*, Me., 284 A.2d 902, 904 (1971).

This same strong policy dictates an examination of the court's response at the point when counsel had the opportunity to express to the court the existence of any error which might be seen to flaw the court's proposed action, thereby permitting the court to make the proper *initial* response to the jury. We therefore reject the plaintiff's contention that its *subsequent* request to the court that it honor the jury's request was a timely one merely because it was made before the jury returned a verdict. Indeed, the facts of this case demonstrate the need for counsel's assertion of an objection to the court's intended action *before* the court takes that action. If, before the court sent its initial response to the jury, the plaintiff's counsel had made known his position, subsequently articulated, that the jury should be entitled to hear those instructions once again, the court would have had the benefit of this analysis in the first instance. The court might then have made a response consistent with the plaintiff's current contention; the jury would not have been led to believe that instructions were not forthcoming, therefore encouraging it to suspend its deliberations pending that review; and the plaintiff would not have had need to assert error here.

---

3. Counsel are in disagreement as to the amount of time elapsed after the court sent the note.

Both agree, however, that it did not exceed fifteen minutes.

The record before us reflects that at that operative moment, when the court was preparing its initial response to the jury, plaintiff's counsel agreed with defense counsel and the court that such a review of the instructions should not be given. Indeed, plaintiff's counsel acted as the proponent, in the face of defense counsel's initial reticence, that the note to the jury include the statement, "We do not feel that [the review] is necessary." He thus engaged in affirmative conduct, insisting that the charge not be repeated for the benefit of the jury. Just as a party may not claim error in jury instructions which he himself requested, see *Moeller v. St. Paul City Railway Co.*, 218 Minn. 353, 360, 16 N.W.2d 289, 294 (1944); 75 Am.Jur.2d *"Trial"* § 576 (1974), this plaintiff is barred from asserting as error a ruling by the court, and the entirely foreseeable consequences of that ruling, which the plaintiff actively participated in formulating. We therefore do not reach the merits of the plaintiff's claim.

The entry is:

Judgment affirmed.

All concurring.