**ESTATE OF Joseph P. GALLUZZO.**

Supreme Judicial Court of Maine.

Argued Sept. 18, 1992.
Decided Oct. 20, 1992.

---

R. John Wuesthoff (orally), Calkins & Wuesthoff, Portland, for appellant.

Anne H. Jordan (orally), Jensen, Baird, Gardner & Henry, Biddeford, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

ROBERTS, Justice.

Eva Judit Polyak appeals and the personal representatives of the Estate of Joseph P. Galluzzo cross-appeal from an order of the York County Probate Court (*Brooks, J.*) denying Polyak's petition for an elective share. Because the court erred in holding that it lacked the ability to order payment of the elective share in this case, we vacate the judgment and remand with instruction to enter a judgment granting Polyak's petition.

I.

Eva Polyak and the decedent, Joseph P. Galluzzo, were married in Biddeford on May 14, 1988, and thereafter resided at the decedent's Sanford home. On October 4, 1989, Polyak was served with a summons and complaint for a divorce. That same day, she and the decedent executed an "Agreement Incident to Divorce" that purported to dispose of all marital and non-marital property of the parties. At the time the agreement was signed, Polyak was not represented by counsel.

After a short hiatus in the prosecution of the divorce action, the decedent instructed his attorney to proceed with the divorce and requested that he prepare a new will. The decedent then executed a will in which he left all of his property to his two sons. That same day, the decedent conveyed the Sanford residence to his two sons without consideration.

On September 17, 1990, the decedent died and the pending divorce action was subsequently dismissed. The decedent's two sons, Joseph W. Galluzzo and Peter J. Galluzzo, were appointed co-personal representatives of his estate. Polyak filed her petition for an elective share on November 5,

1990, identifying the Sanford residence as property to be included in the augmented estate.

## II.

■ Section 2–204 of the Probate Code permits a spouse or prospective spouse to waive all statutory rights in the other spouse's property, including the right to an elective share, in a signed writing after full disclosure. 18–A M.R.S.A. § 2–204 (1981). The Uniform Probate Code Comment to this section states that it "takes care of the situation which arises when a spouse dies while a divorce suit is pending." The personal representatives argue that the Probate Court erred in holding that the "Agreement Incident to Divorce," which they contend disposed of all property claims in anticipation of divorce, did not act as a waiver of Polyak's claim to an elective share. On the other hand, Polyak contends that the agreement was not an effective waiver of her elective share rights because the agreement, by its very terms, was to take effect only "in the event a divorce is granted to [the] parties," an event that never occurred. Any ambiguity as to the effect of the agreement was resolved by the court as a matter of fact when it found the agreement to be executory in nature and preliminary to a divorce judgment. "We will uphold the factual findings of the Probate Court unless those findings are clearly erroneous." *In re Krystal S.*, 584 A.2d 672, 673 (Me.1991); *Newick v. Mason*, 581 A.2d 1269, 1271 (Me.1990). Not only is this finding not clearly erroneous, we are also persuaded that the agreement, executed on the very day Polyak was served with divorce papers and before she had counsel of her own, is not the sort of waiver *after fair disclosure* contemplated by section 2–204.

■ Although the court found that Polyak was otherwise entitled to an elective share of the augmented estate consisting of the Sanford residence, it denied Polyak's petition, relying on our decision in *Estate of Fisher*, 545 A.2d 1266 (Me.1988). In *Fisher* we held that under section 2–205(d) of the Probate Code, the Probate Court must determine the source of funds required to satisfy the elective share. *Id.* at 1271. Here the court held that there was insufficient evidence concerning the current possession of the Sanford residence to make such a determination. Polyak argues that current possession of the Sanford residence is immaterial in determining the elective share in this case. We agree.

Section 2–205(d) expressly refers to the contribution provisions of section 2–207. Section 2–207(c) in turn provides in pertinent part:

Only original transferees from, or appointees of, the decedent and their donees, to the extent the donees have the property or its proceeds, are subject to the contribution to make up the elective share of the surviving spouse.

18–A M.R.S.A. § 2–207(c) (1981). The meaning of this section is unmistakable. Unlike donees of original transferees who are liable for contribution only to the extent that they possess the property or its proceeds, original transferees remain liable for their contribution to the elective share regardless of their possession of the property or its proceeds. *See* Mitchell, *Maine Probate Manual* at 2–293 (1988). Because the evidence presented at trial established that the Galluzzo brothers were the original transferees of the Sanford residence and therefore liable for contribution to the elective share, the court erred in holding that without evidence as to current possession of the residence it lacked the ability to order the payment of the elective share.

## III.

■ On appeal, the personal representatives challenge the propriety of the court's denial of their pretrial motion for a summary judgment. We have consistently held that the denial of a motion for summary judgment is not a proper subject for appellate review where, as here, the case has proceeded to a trial or hearing on the merits. *See Griffin v. Chrysler Credit Corp.*, 553 A.2d 653, 654 (Me.1989); *Nordic Sugar Corp. v. Maine Guarantee Auth.*, 447 A.2d 1239, 1240–41 (Me.1982); *Bigney v. Blanchard*, 430 A.2d 839, 842 (Me.1981).

If, however, the reasons for seeking summary judgment remain after a hearing on the merits, the moving party may reassert his entitlement to a judgment in his favor by filing an independent motion for judgment as a matter of law pursuant to M.R.Civ.P. 50(d), the denial of which is a proper subject for appellate review. *Nordic Sugar*, 447 A.2d at 1241; *Bigney*, 430 A.2d at 843.

■ The personal representatives' sole contention in this regard is that based on our recent decision in *Gerrity Co., Inc. v. Lake Arrowhead Corp.*, 609 A.2d 293, 295 (Me.1992), Polyak's failure to file the statement of material facts required by M.R.Civ.P. 7(d)(2) requires that we now order the entry of a summary judgment. We disagree. It is the denial of their Rule 50(d) motion made at the close of all the evidence, rather than the denial of their prior motion for summary judgment, that is properly before us. *See Bigney*, 430 A.2d at 843. Because the propriety of a denial of a Rule 50(d) motion is in no way dependent on compliance with Rule 7(d), we find their argument to be without merit.

The personal representatives also contend that the Probate Court erred in denying their motion to dismiss Polyak's petition for failure to comply with discovery. Because the imposition of discovery sanctions depends on the particular circumstances of each case, we will not "lightly overrule" a trial court's discretionary determination. *See Spickler v. York*, 566 A.2d 1385, 1388 (Me.1989); *Pettitt v. Lizotte*, 454 A.2d 329, 332 (Me.1982). After a careful review of the record, we conclude the denial was within the court's discretion.

The entry is:

Judgment vacated.

Remanded to the York County Probate Court with instruction to enter a judgment granting Eva Judit Polyak's petition for an elective share of the estate.