STATE OF MAINE
ANDROSCOGGIN, SS

RECEIVED & FILED

FEB 1 2 2004

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-03-012
TED - AND - 2/12/2004

BANKNORTH, N.A.,
    Plaintiff / Appellant

v.

AMY GALLANT,
    Defendant / Appellee

DECISION ON APPEAL



This case was initiated in the District Court (Lewiston) as a small claims

matter wherein the plaintiff (bank) asserts that it extended credit to the

defendant for a mobile home and she failed to repay the amount and defaulted.[1]

After selling the mobile home secured by a note, the bank seeks the deficiency

plus interest. The complaint states that the bank mailed a notice of Right to Cure

to Gallant's last known address, but Gallant claims that it was never received

After hearing, the court (Beliveau, J.) found that "[p]laintiff failed to

comply with T 11-9-1613 [sic.] no proof that defendant [sic] received notice of

private sale for redemption purposes." Judgment was entered for defendant.

No costs were awarded.

The bank filed a Motion for Reconsideration that was denied[2] and an

appeal was entered.[3] There is no transcript of the small claims hearing but

---

[1] The bank claimed $3,720.29 as principal and $989.46 as accrued interest: Total amount sought is $4,709.75 plus continuing interest and costs.

[2] "The court has reviewed the [plaintiff's] Motion for Reconsideration and the [d]efendant's response. The court hereby denies the [plaintiff's] motion. The evidence elicited at trial supports the court's conclusions and order."

[3] "The time within which an appeal may be taken shall be 30 days from the entry of the judgment appealed from . . . ." M.R.S.C.P., 11(a). The judgment in this case was entered onto the docket on August 19, 2003. The docket also reflects that the appeal was filed on October 8, 2003, well outside the time to appeal. The Notice of Appeal is dated by counsel on September 17, 2003

bank's counsel has filed a Statement of Evidence under M.R.Civ.P. 76F(c). Ms. Gallant has filed a response as permitted by the rule.[4]

The central question on appeal centers around the bank's written notice to Ms. Gallant of their intent to sell and her claim that the notice was never received.

The bank claims that it sent written notice via certified mail to Ms. Gallant at her last known address, that the judge misapplied the notice requirement when he based his decision on Gallant's claim that she never received the notice and that finding improperly placed the burden of proof on plaintiff. For purposes of this appeal, the court finds that there is sufficient evidence the notice was never received and that Gallant did not have notice of the sale.

The bank argues that the notice provisions of the statute, 11 M.R.S.A §§ 9-1611, 1613 have been met upon mailing of the notice. *Graybar Electric Co. v. Sawyer*, 485 A,2d 1384, 1387 (Me. 1985) (evidence that a letter was mailed, raises a presumption of receipt by the addressee). Plaintiff's Statement of Evidence recites that plaintiff's exhibit 2 (letter of July 28, 2000 informing Gallant of the scheduled sale on August 8, 2000 and her right to cure) and exhibit 3 (letter of

---

but was not date stamped by the clerk upon receipt as required by the clerk's operations manual. Clerks' Manual SCDC-CV-01. However, the court will assume that it was filed on the last day of the appeal period. as the letter of appearance for counsel, also dated September 17, 2003, was dated stamped as received on September 18, 2003 and that docket entry was also made on October 8, 2003.

[4] The bank sent the Statement of Evidence to Gallant on September 26, 2003. It objects to Gallant's reply statement because it was not timely filed. The defendant originally sent the reply to the District Court where it was received on October 29, 2003, twelve days after the bank filed its statement with the District Court clerk. It was immediately forwarded to this court. There is no prejudice to plaintiff by this minimal delay and it did not in any way delay consideration of the case.

The reply, however, does not object to any part of the bank's statement nor propose any amendments. In turn, the bank never objected to the content of the statements by Gallant.

To the extent that there is no denial or facts in controversy, the court can accept each as a correct statement of the evidence in the trial before the Small Claims court.

August 28, 2000 informing Gallant of the results of the sale and demanding payment of the deficiency) were mailed to "Gallant's last known address." The address on the letters is "Amy M. Gallant, 114 Crowley Rd., Sabattus, ME 04280." This is the location of the mobile home noted in the security agreement (plaintiff's exhibit 4). The same document lists Gallant's "legal address" as 370 College St., Lewiston, ME 04240."

In her reply to the bank's Statement of Evidence, Gallant says that she was "in constant contact" with the bank (¶ 2) and that the bank "was aware of my change in address . . . as well as current phone number "(¶ 3). She does not, however, indicate what her new address was.

The bank claims that the Notice to Cure letter (pl. ex. 2) was sent via certified mail. The "Receipt for Certified Mail" that is attached to exhibit 2 is totally blank. It contains no name, address, amount of postage or fees, no postmark or date of mailing. It would appear that the District Court gave evidence of mailing little if any weight, thus impairing the presumption of receipt by the addressee. *See Graybar* at 1387.

In *Griffin v. Chrysler Credit Corp.*, 553 A.2d 653 (Me. 1989) the Law Court held that where notice of a right to cure was required by statute,

> "if certified mail, return receipt requested is used, the date the consumer signs the receipt governs. . . . In the case of ordinary mail, on the other hand, the time when notice is given shall be the date the consumer receives it. A post office department certificate of mailing to the consumer shall be conclusive proof of receipt on the 3rd calendar day after mailing." (internal citations omitted)

*Griffin* at 654 – 655.

In this case, evidence of certified mailing is lacking and there is no certificate of mailing. The court then considers the notice as having been sent by

3

"ordinary mail" which is effective on "the date the consumer receives it." *Id.*
The evidence is sufficient to support the trial judge's finding that Gallant did not receive the notice and that the trial judge did not commit error by shifting the burden of proof to the bank.

The clerk will make the following entry as the Decision and Order on Appeal:

> For the reasons stated herein, judgment of the District Court / Small Claims is affirmed. This case is remanded to the District Court for entry of final judgment.

SO ORDERED.

Dated: February 10, 2004

Thomas E. Delahanty II
Justice, Superior Court

4

Date Filed October 10, 2003    ANDROSCOGGIN    Docket No. AP-03-12
County

Action SMALL CLAIMS APPEAL - 8th District Court

JUSTICE THOMAS E. DELAHANTY, II
ASSIGNED

BANKNORTH, N.A.

AMY GALLANT
370 College Street
Lewiston, ME 04240

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| David B. McConnell, Esq.<br>PERKINS THOMPSON HINCKLEY & KEDDY<br>P.O. Box 426<br>Portland, ME 04112-0426 | |

| Date of Entry | |
|---|---|
| **2003**<br>Oct. 15: | Received 10-10-03.<br>Notice of Appeal, Small Claims, filed.<br>    Notice is hereby given that the Plaintiff appeals to the Superior Court from the Judgment entered in this action on August 19, 2003.<br>(LEW-SC-03-132) |
| " " | Received 10-10-03.<br>Entire original file including exhibits and certified copy of Docket Entries from 8th District Court received and filed. |
| " " | On 10-15-03.<br>Notice and Briefing Schedule 76G Appeal of District Court Civil Action mailed David B. McConnell, Esq. and Amy Gallant on 10-15-03.<br>(Appellant's brief is due on or before November 19, 2003.) |
| Oct. 27: | Received 10-23-03.<br>Banknorth's Statement of the Evidence, filed. |
| Nov. 3: | Received 10-31-03.<br>Amy Gallant's Response to Banknorth's Statement of the Evidence, filed. |
| Nov. 20: | Received 11-19-03.<br>Brief of Appellant Banknorth, N.A., filed.<br>(Appellee's Brief due on or before 12-19-03).<br>Affidavit of David B. McConnell, Esq. with attached Exhibits A, B & C, file |
| **2004**<br>Jan. 7: | Received 1-7-04.<br>Correspondence from defendant re: lateness of filing of brief, filed. |
| " " | Appellee's Brief, filed. |
| Jan. 22: | Received 1-20-04.<br>Reply Brief of Appellant Banknorth, N.A., filed. |

(over)