**ST. HILAIRE & ASSOCIATES, INC.**

**v.**

**The HARBOR CORPORATION.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 18, 1992.

Decided May 15, 1992.

---

Patrick S. Bedard, Reiner & Bouffard, Eliot, for plaintiff.

Defendant did not file a brief.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Chief Justice.

Plaintiff St. Hilaire & Associates, Inc. brought an action for breach of contract against defendant The Harbor Corporation and the District Court (York, *Crowley, J.*) entered judgment for the plaintiff. The District Court, however, declined to award contractual attorney's fees and interest on the unpaid balance because it found plaintiff had overreached in its collection efforts. Plaintiff appealed unsuccessfully to the Superior Court (York County, *Fritzsche, J.*) and now appeals to this Court. We conclude that the District Court

was required to enforce the contractual obligation to pay interest and attorney's fees, and we remand for a determination of those amounts.

The parties entered into a written contract for the completion of electrical work which provided for payment of "all costs of collection, including cost of suit and reasonable attorney's fees" in case of default, and for payment of interest at the rate of 1.5% per month on any unpaid balance over 30 days. Plaintiff performed the work and in May 1989 submitted to defendant a bill for $2615. Defendant never paid this bill, and plaintiff brought suit in November 1989. In the interim, a dispute arose as to certain deficiencies in plaintiff's work, and defendant expended approximately $400 to correct the deficiencies. In February 1990, defendant offered to settle the litigation for the original amount owed, but the offer provided for a schedule of future payments and was conditioned on plaintiff's immediate discharge of its mechanic's lien. After trial, the District Court awarded plaintiff the past due amount less $400 for the deficiencies. The court ruled, however, that the contract did not entitle the plaintiff to recover attorney's fees nor that portion of the interest incurred before defendant offered to pay in full.

We disagree with the District Court's conclusion that the contractual provisions were discharged by plaintiff's rejection of defendant's offer. The conditions placed on the offer of settlement significantly diminished its value and required plaintiff to surrender the protection of the mechanic's lien before receiving full payment. Even assuming that plaintiff's attempt to recover the entire $2615 constituted "overreaching," the court should not have abrogated defendant's contractual obligation. There is no indication that plaintiff's actions caused defendant's delay in payment or precluded it from tendering the undisputed amount.

Courts are required to enforce the agreement arrived at by the parties. Contract provisions imposing the obligation to pay reasonable interest and costs of collection in the event of default serve to reim-

burse the creditor for the loss suffered. *See generally* 17A Am.Jur.2d *Contracts* § 300 (1991). The test is one of reasonableness: if such provisions reflect the anticipated or actual loss caused by the default and are not usurious or excessive so as to constitute a penalty, they will be enforced. *See Pacheco v. Scoblionko,* 532 A.2d 1036, 1038 (Me.1987) (liquidated damages provisions are valid if damages are difficult to estimate and amount is reasonable forecast of those necessary to compensate for loss); Restatement (Second) of Contracts § 356(1) comment d (1981) (court will award contractual attorney fees if reasonable). There being no challenge to the reasonableness of the interest rate and attorney fees, the court was not free to ignore the contractual provision imposing such costs.

The entry is:

Judgment vacated. Remanded to Superior Court with instructions to remand to District Court for further proceedings consistent with the opinion herein.

All concurring.