2004 ME 24

**Gaston C.S. LEE**

v.

**SCOTIA PRINCE CRUISES LTD.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Jan. 22, 2004.

Decided: Feb. 26, 2004.

Seth W. Brewster, Esq., Verrill & Dana, LLP, Portland, for plaintiff.

Peter Bennett, Esq., Frederick B. Finberg, Esq., The Bennett Law Firm, P.A., Portland, for defendant.

Panel: CLIFFORD, RUDMAN, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] Scotia Prince Cruises Limited (Scotia) appeals from an award of attorney fees and costs by the Superior Court (Cumberland County, *Crowley, J.*). The attorney fees and costs were awarded pursuant to our remand for determination of attorney fees and costs of appeal in *Lee v. Scotia Prince Cruises Ltd.*, 2003 ME 78, 828 A.2d 210 (*Lee I* ). Scotia contends that the application for supplemental attorney fees was time barred and that the resulting award was excessive. We conclude that the application was not time barred and that the trial court did not exceed the bounds of its discretion in making its award. Accordingly, with a modification, we affirm the award.

## I. BACKGROUND

[¶ 2] Lee is a former employee and officer of Scotia. In July of 2001, Lee sued Scotia for a breach of employment contract. Scotia then counterclaimed for breach of contract, negligence, and breach of fiduciary duty. The history of that action is addressed in our 2003 opinion (*Lee I* ). There, we affirmed the award of damages to Lee. *Id.* ¶ 23, 828 A.2d at 216. We also affirmed the award of attorney fees and costs which Scotia was obligated to pay by its corporate bylaws. *Id.* ¶ 20, 828 A.2d at 215.

[¶ 3] We interpreted the indemnification agreement in Scotia's bylaws to cover expenses Lee incurred while defending against Scotia's counterclaim, but not to cover expenses incurred while prosecuting his complaint.[1] *See id.* However, we de-

---

1. The bylaws in question state: "Every Director [or] Officer ... shall be indemnified out of the funds of the Company against all liabilities incurred by him as such Director [or] Officer ... in defending any proceedings ... in which judgment is given in his favour ...."

termined that the trial court did not abuse its discretion when it refused to apportion the expenses between prosecution of the complaint and defense of the counterclaim because the complaint and counterclaim were "'inextricably intertwined and coextensive.'" *Id.* ¶¶ 17, 20, 828 A.2d at 215. We stated that the "trial court is in the best position to observe the unique nature and tenor of the litigation as it relates to a request for attorney fees," *id.* ¶ 20, 828 A.2d at 215, and we remanded to the Superior Court "for the determination of Lee's attorney fees and costs of appeal." *Id.* ¶ 23, 828 A.2d at 216. The mandate and file were returned to the Superior Court on July 1, 2003.

[¶ 4] On August 6, 2003, Lee filed a supplemental submission for attorney fees, costs, and expenses, which is the subject of this appeal. He stated that his first submission for attorney fees and costs covered the expenses that had been incurred through November 13, 2002. The supplemental submission requested $64,707.19 in fees and costs and covered expenses incurred from November 14, 2002, through the first appeal, to July 31, 2003. The Superior Court awarded Lee $60,813.69 in additional attorney fees and expenses. Scotia appealed this award.

## II. LEGAL ANALYSIS

### A. The Timeliness of the Submission

[¶ 5] The rule governing timing of applications for attorney fees, M.R. Civ. P. 54(b)(3), states:

When final judgment has been entered on all claims except a claim for attorney fees, an application for the award of attorney fees shall be filed within 60 days after entry of judgment if no appeal has been filed. If an appeal has been filed, the application may be filed and acted upon in the trial court at any time after entry of the judgment appealed from and in any case shall be filed not later than 30 days after final disposition of the action. An application for attorney fees shall ordinarily be acted upon by the justice or judge who rendered the judgment on the merits.

[¶ 6] Scotia contends that Lee's supplemental submission should have been disregarded because it was filed more than thirty days after the file was returned to the Superior Court. M.R. Civ. P. 54(b)(3) addresses an application for the award of attorney fees "[w]hen final judgment has been entered on all claims except a claim for attorney fees . . . ." Thus, it anticipates the initial application for attorney fees. Here, Lee had filed an initial application for attorney fees and received a final judgment on the award of attorney fees. We then remanded explicitly for determination of Lee's additional attorney fees and costs on appeal.

[¶ 7] Because Lee's initial application for attorney fees preceeded *Lee I*, his supplemental application for attorney fees is not subject to the time limits for initial applications set in M.R. Civ. P. 54(b)(3).[2]

---

2. Rule 54(b)(3) was adopted in 1994. The Advisory Committee Notes supporting adoption of M.R. Civ. P. 54(b)(3) state that it "is similar to Rule 32 of the Local Rules of the United States District Court for the District of Maine." The Maine Rules of Civil Procedure with Advisory Committee Notes and Commentary, Advisory Committee Notes March 1, 1994, www.courts.state.me.us/rules. District of Maine Local Rule 32 became Local Rule 54.2 in 1997. In its present form, it is significantly different from M.R. Civ. P. 54(b)(3) because it specifies that attorney fee claims filed before a decision on appeal "have no effect and a new application must be filed within the prescribed time as described herein." D. Me. Local. R. 54.2. This is a distinction from M.R. Civ. P. 54(b)(3) under which a pending attorney fee claim may survive an appeal and is not subject to the time limits prescribed for initial applications for attorney fees.

While undue delay in filing a supplemental application for attorney fees may be considered by the trial court and could, in certain circumstances, justify denial or reduction of an attorney fee request, no such action was required of the trial court in this case.

B. The Award of Fees and Costs

[¶ 8] The trial court awarded Lee $60,813.69 for attorney fees and costs incurred during the first appeal, from November 13, 2002, through July 31, 2003. These expenses related to the costs of the appeal in *Lee I*. Scotia argues that (1) the award was erroneous because the original appeal dealt only with establishing the right to indemnity and those fees and costs are not subject to the indemnification agreement; (2) if Lee were entitled to any fees and costs, the fees and costs should have been apportioned; (3) Lee recovered costs that were not related to the counterclaim; and (4) the fees were unreasonable. We review the Superior Court's determination of attorney fees for an abuse of discretion. *Lee I*, 2003 ME 78, ¶ 18, 828 A.2d at 215.

[¶ 9] A claim for attorney fees and costs under an indemnification agreement is limited to those expenses incurred in the "defense of the claim indemnified against and does not extend to costs incurred in establishing the right of indemnity." *Chadwick–BaRoss, Inc. v. Martin Marietta Corp.*, 483 A.2d 711, 717 (Me.1984). Scotia argues that it did not appeal its failed counterclaims. Instead, it was only defending against Lee's right to the indemnity claim, and therefore fees and costs should not have been awarded.

[¶ 10] The documents supporting the appeal in *Lee I* demonstrate that Scotia both defended against Lee's indemnity claim *and* appealed its failed counterclaims, and therefore, it was not erroneous for the trial court to award fees to Lee. In its brief for the *Lee I* appeal, Scotia asked us to:

(1) vacate the jury's verdict of waiver and hold that, as a matter of law, Scotia did not waive its counterclaims against Lee; (2) hold that Scotia is entitled to a new trial on its counterclaims; (3) reverse the trial court's orders relating to Lee's Motion for Attorney's Fees and hold that, as a matter of law, Scotia's bylaws do not entitle Lee to recover any attorney's fees or costs.

[¶ 11] Because Lee was required to respond to Scotia's appeal of the counterclaim verdict, and not simply the question of indemnification, the award of fees was not erroneous.

[¶ 12] Additionally, Scotia argues that the fees should have been evenly apportioned. It maintains that, because Lee's attorney's time records commingle the time spent on (1) defending against Scotia's counterclaim; (2) the indemnification issue; and (3) Lee's cross-appeal, Lee should be awarded only one-third of the total fees because he can only recover for expenses incurred in defending against the counterclaim.

[¶ 13] In *Lee I*, we affirmed the trial court's determination that the " 'inextricably intertwined' " nature of the complaint and the counterclaim during the trial, along with the manner in which Scotia presented its counterclaims, justified the nonapportionment of the attorney fees. *Lee I*, 2003 ME 78, ¶ 20, 828 A.2d at 215. Here, the issues surrounding the counterclaim, the duty to indemnify, and the cross-appeal were similarly " 'inextricably intertwined' " because they hinged on the interpretation of the bylaws. Because of the blended nature of the issues, the trial court did not abuse its discretion when it refused to apportion the supplemental attorney fees.

[¶ 14] The costs associated solely with the cross-appeal, however, should not

have been awarded to Lee. The costs were $120 for a filing fee for the cross-appeal, and $1163.50 for the transcript of the jury's damage award. In the original order for attorney fees and costs, the trial court deducted expenses that related solely to the complaint, *id.* ¶ 17, 828 A.2d at 215, and we affirmed this approach, *id.* ¶ 20, 828 A.2d at 215. These costs relate solely to Lee's cross-appeal on the issue of damages.

[¶ 15] Lee's attorney spent approximately three hours responding to a post-trial demand by Scotia for the proceeds of an insurance policy from Pacific–Life Insurance Company. The trial court awarded Lee $600 in attorney fees for this time. The right to the proceeds of the policy was based on a claim of conversion, and the conversion claim was not litigated in the action. This $600 did not relate to the appeal.

[¶ 16] The award to Lee also included attorney fees and costs associated with the investigation of the tax consequences of the original attorney fee award. According to the billing statement, Lee's attorney spent an hour and one-half working on "tax issues regarding award of attorney fees." Attorney fees in the amount of $292.50 for this activity did not relate to the appeal.

[¶ 17] Scotia maintains that the 200 hours that Lee's attorney spent on the appeal were unreasonable because the issues had already been researched, briefed, and argued during the trial. In *Lee I,* we upheld the trial court's finding that the amount of time spent by Lee's attorney at the trial was reasonable because of the manner in which the counterclaim was litigated. *See id.* It is logical that a trial that required an enormous amount of time would result in an appeal that required an enormous amount of time. Although the trial court did not oversee the appeal, it still "is in the best position to observe the litigation" as a whole, *see id.,* and its implicit finding that the fees were reasonable was not an abuse of discretion.

The entry is:

Judgment amended to reduce the total award by $2176. As modified, the judgment is affirmed.