2008 ME 131

**YIM K. CHEUNG**

v.

**WING KI WU et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: July 29, 2008.

Decided: Aug. 26, 2008.

James E. Mitchell, Esq., Megan C. Hanley, Esq., Jim Mitchell and Jed Davis, PA, Augusta, ME, for Yim Cheung.

G. Charles Shumway, II, Esq., Childs, Rundlett, Fifield, Shumway & Altshuler, Portland, ME, for Wing Ki Wu and Cindy Wu.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

GORMAN, J.

[¶ 1] Yim K. Cheung appeals and Wing Ki Wu and Cindy Wu cross-appeal from a judgment of the District Court (Augusta, *Studstrup, J.*), entered on remand from this Court.[1] Cheung argues that the court abused its discretion by awarding him only $10,000 in attorney fees and that the court erred by improperly applying M.R. Civ. P. 37(c) and failing to award any legal fees under that Rule. The Wus argue that the court erred when it improperly imposed interest on the underlying judgment without offsetting a sum recouped by them. We affirm the award of attorney fees but correct the method for awarding interest.

[¶ 2] The record provided demonstrates that the court did not abuse its discretion in granting Cheung less than the full amount of fees he requested. *See Mancini v. Scott*, 2000 ME 19, ¶ 10, 744 A.2d 1057, 1061. Second, because Cheung did not move for additional findings of fact and conclusions of law, we assume that the court made the proper findings pursuant to M.R. Civ. P. 37(c) when it denied fees under the Rule and find that the court did not abuse its discretion in doing so. *See Murray v. Murray*, 529 A.2d 1366, 1368 n. 1 (Me.1987); *Bartner v. Carter*, 405 A.2d 194, 205 (Me.1979); *see generally* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 37.5, at 546–47 (2d ed.1970).

[¶ 3] Finally, on the issue raised by the Wus' cross-appeal, damages awarded to Cheung for his claim on a note held by the Wus should be offset by the amount recouped by the Wus before pre-judgment and post-judgment interest are applied.[2] We have recognized that "recoupment is a reduction of part of the plaintiff's damages because of a right in the defendant arising out of the same transaction." *Mundaca Inv. Corp. v. Emery*, 674 A.2d 923, 925 n. 4 (Me.1996) (quotation marks omitted). We have also discussed recoupment as "cast in terms of monetary reduction or offset of plaintiff's claim," saying that "it is basically a doctrine of an intrinsically defensive nature founded upon an equitable reason, inhering in the same transaction, why the plaintiff's claim in equity and good conscience should be reduced." *Fed. Deposit Ins. Corp. v. Notis*, 602 A.2d 1164, 1166 (Me.1992) (quotation marks omitted). Based on the nature of recoupment, it must be subtracted before interest is applied. Otherwise, the plaintiff would collect interest on the part of the judgment the court has determined should not be awarded to him or her. Therefore, the award must be corrected so that interest is calculated based on the judgment as offset by the amount recouped.

The entry is:

Award of interest to be corrected as provided by this opinion. Judgment affirmed as corrected.

---

1. The background facts are set out in our opinion in the first appeal in this case. *See Cheung v. Wu*, 2007 ME 22, 919 A.2d 619.

2. The court's original award of damages provided for entry of "[j]udgment for [Cheung] in the amount of $25,646.27 plus interest and court costs, less recoupment in the amount of $11,434.57." On remand, upon Cheung's request for entry of final judgment, the court entered judgment in the amount of $25,646.27 plus pre-judgment interest in the amount of 7% per annum, post-judgment interest in the amount of 10.99%, less recoupment of $11,434.57.