*append*
ENTERED JAN 1 6 2015

STATE OF MAINE
YORK, ss.

SUPERIOR COURT
DOCKET NO. CV-12-059
JON-YOR-0144-15

BNY Mellon, N.A.,

     Plaintiff,

v.

RE/MAX Realty One,

     Defendant.

**ORDER ON FEES**

## I.    Background

### A. Procedural Posture

Plaintiff BNY Mellon ("the Bank") filed this suit against Defendant RE/MAX Realty One ("Re/Max") alleging several claims arising out of Re/Max's refusal to pay the Bank escrowed monies. The court granted Summary Judgment to the Bank. The Law Court reversed, *Bank of New York Mellon, N.A. v. Re/Max Realty One*, 2014 ME 66, 91 A.3d 1059, holding that the Bank was in breach of contract and remanded to this court address the issue of attorney's fees.

### B. Facts

The Bank owned property in York, Maine, and entered an agreement with Re/Max to retain, exclusively list, and sell the property. The underlying litigation concerned entitlement to certain escrow monies arising out of a breach of a purchase and sale agreement for the property by a potential buyer, Joseph Sullivan ("Sullivan"). The facts concerning that dispute need not be repeated here. Relevant to this matter are several contractual provisions that Re/Max asserts establish the Bank must pay Re/Max's attorney's fees for litigating this case.

1

Re/Max points to three different contractual provisions that purport to establish entitlement attorney's fees: (1) The Purchase and Sale Agreement between the Bank and Sullivan, (2) Earnest Money Authorization/Authorization Demand, also between the Bank and Sullivan, and (3) the Listing Agreement between Re/Max and the Bank.

The Listing Agreement provided: "Seller agrees to hold Agency harmless from any loss or damage that might result from authorizations provided in the Agreement." The Purchase and Sale Agreement provided:

> In the event that the Agency is made a party to any lawsuit by virtue of acting as an escrow agent, Agency shall be entitled to recover reasonable attorney's fees and costs which shall be assessed as court costs in favor of the prevailing party.

The Authorization for Release of Earnest Money Deposit stated:

> The undersigned hereby agree to hold each other, all real estate brokerage agencies involved in the transaction and their licensees harmless from any and all claims, suits, actions and damages arising out of such agreement.

## II.  Discussion

### A. The Law Court Decision Did Not Explicitly Limit this Court's Inquiry to Attorney's Fees Under the Listing Agreement.

The Law Court spent very little ink on the issue of attorney's fees:

Re/Max also seeks to enforce its contractual right to indemnification and attorney fees. Because this requires fact-finding as to whether Re/Max suffered loss or damage resulting from the authorizations stated in the listing agreement, *see Lee v. Scotia Prince Cruises Ltd.,* 2003 ME 78, ¶ 21, 828 A.2d 210, the matter must be remanded to the Superior Court for it to decide in the first instance whether Re/Max is entitled to indemnification and attorney fees under the listing agreement, and, if so, the amount Re/Max is entitled to.

*Bank of New York Mellon, N.A. v. Re/Max Realty One,* 2014 ME 66, ¶ 22, 91 A.3d 1059.

The Law Court discussed the listing agreement, but did not address Re/Max's entitlement to attorney's fees under the purchase and sale agreement or the authorization. The Bank

2

argues this limits the court to construing the listing agreement. The Law Court's passing reference to the issue contained no analysis and does not appear to foreclose considering Re/Max's arguments here. Ultimately, the Listing Agreement gave rise to the later provisions, which, as discussed below, contemplated Re/Max and is another contractual basis for recovery. Indeed, the Court's introduction framed Re/Max's contractual entitlement to attorney's fees more broadly:

> [W]e vacate the judgment and remand the matter to the Superior Court to enter a judgment in Re/Max's favor on the Bank's breach of contract claim and to determine whether Re/Max is *contractually entitled* to indemnification for costs and attorney fees.

*Bank of New York Mellon, N.A.*, 2014 ME 66, ¶ 3 (emphasis added).

Nonetheless, while the Bank makes the strategic decision to rest on the language of the Law Court decision, Pl.'s Obj. Atty. Fees 1-2, there could be another legal basis for this court to decline to entertain those provisions. As noted, Re/Max was not a party to the latter two agreements, which were between the Bank and Sullivan. Re/Max thus presses its argument under a third-party beneficiary theory. Third-party beneficiaries have enforceable rights where the promisee intends for the beneficiary to receive the benefit of performance and to enforce the contract. *Martin v. Scott Paper Co.*, 511 A.2d 1048, 1049-50 (Me. 1986). The Law Court has emphasized the contracting parties must intend to confer contractual rights to the third party. *Stull v. First Am. Title Ins. Co.*, 2000 ME 21, 745 A.2d 975.

Maine courts have not considered whether a party may recover attorney's fees under a third-party beneficiary theory. A number of courts have declined to do so, closely scrutinizing whether the fee provision contemplated collection of attorney's fees by a third-party beneficiary. *See, e.g., Int'l Bhd. of Elec. Workers, Local Union No. 134 v.*

3

*Chicago & Ne. Illinois Dist. Council of Carpenters*, 149 F. Supp. 2d 452, 459 (N.D. Ill. 2001) (holding reference to "prevailing party" in fee provision did not contemplate a third-party beneficiary and denying fees); *Harris v. Richard N. Groves Realty, Inc.*, 315 So. 2d 528, 529 (Fla. Dist. Ct. App. 1975) (holding examination of entire contract indicated "prevailing party" intended for "party" to be an actual party to the contract, not a third party designated to hold a deposit); *see also Wardley Corp. v. Welsh*, 962 P.2d 86, 92 (Utah Ct. App. 1998).

The *Harris* case involved a similar situation as the one here, where an entity holding a deposit sought to collect attorney's fees as a third-party beneficiary of a purchase and sale agreement. The court read the contract narrowly to find that attorney's fees were not warranted because the deposit holder was not a contemplated "party" within the meaning of the contract. Here, however, the terms of the Purchase and Sale Agreement contemplates Re/Max becoming a party, and thus a potential prevailing party entitled to attorney's fees: "In the event that *[Re/Max] is made a party* to any lawsuit . . . by virtue of acting as an escrow agent, *[Re/Max] shall be entitled to recover reasonable attorney's fees* and costs which shall be assessed as court costs *in favor of the prevailing party*." The Authorization for Release of Earnest Money Deposit contains a broad indemnity provision that also contemplates Re/Max as a third-party beneficiary: "The undersigned hereby agree to hold . . . *all real estate brokerage agencies involved in the transaction* . . . harmless from any and all claims, suits, actions and damages arising out of such agreement." The express language of these agreements recognized Re/Max as a party, and evidences the intent to confer rights on Re/Max as a third party. The court may therefore consider all three provisions.

## B. Whether Re/Max is Entitled to Indemnification and May Recover Attorney's Fees

Indemnity clauses must arise from "clear, express, specific, and explicit contractual provision, under which the party against which a claim is to be asserted has agreed to assume the duty to indemnify." *Devine v. Roche Biomedical Labs., Inc.*, 637 A.2d 441, 446 (Me. 1994). Courts ordinarily must enforce reasonable attorney fees imposed by contract provisions. *Yim K. Cheung v. Wing Ki Wu*, 2007 ME 22, ¶ 24, 919 A.2d 619. Whether a contractual provision applies is a question of law. *Id*.

The Bank, by addressing only the Listing Agreement, argues only that there are two indemnity provisions in the Agreement and neither applies in this case, which concerns only the liquidated damages clause. Even accepting the Bank's narrow reading of the Listing Agreement, the Purchase and Sale Agreement is not so circumscribed. Under that provision, Re/Max became a party to this litigation as a result of its role as escrow agent, and is now clearly a prevailing party because the Law Court found Re/Max was entitled to summary judgment on the Bank's breach of contract claim. *Bank of New York Mellon, N.A.*, 2014 ME 66, ¶ 21, 91 A.3d 1059. Unlike the indemnity provisions contained in the Listing Agreement, the Purchase and Sale Agreement does not limit the circumstances in which the Bank has an obligation to pay attorney's fees. Therefore, Re/Max is entitled to reasonable attorneys fees. Having so found, the court need not construe the Listing Agreement or the Authorization for Release of Earnest Money Deposit.

## C. Amount of Attorney's Fees Award

The parties lastly dispute that total fee to which Re/Max is entitled. The Bank argues the amount should be limited to $8,788.77—the amount Re/Max paid in legal fees

and costs according to the Robert C. Coles Affidavit. Re/Max counters that law does not limit an attorney's fee award on the basis of monies personally paid. In other words, whether Re/Max paid individually or its insurer paid the fees is immaterial. This court is unable to find any legal authority for the Bank's argument, and finds the contention unpersuasive. Hypothetically, if Re/Max's insurer had declined to defend Re/Max in this suit and a duty to defend existed, the insurer would be liable for the full amount of Re/Max's attorney fees. *Maine Mut. Fire Ins. Co. v. Gervais*, 1999 ME 134, ¶¶ 12-13, 745 A.2d 360. It makes little sense that the insurer should not be entitled to the same fee award as the insured. Re/Max is therefore not limited to attorney's fees actually paid out, but all attorney's fees accrued in this matter.

Re/Max requests $28,550.20 in attorney's fees in its motion.

The amount of a reasonable fee is a discretionary determination by the court, with reference to the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services; (4) the preclusion of other employment by the attorneys due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Poussard v. Commercial Credit Plan, Inc. of Lewiston*, 479 A.2d 881, 884 (Me. 1984); *see also Saucier v. Allstate Ins. Co.*, 1999 ME 197, ¶ 35, 742 A.2d 482 (noting trial court has "broad discretion" in awarding attorney's fees).

6

Re/Max has submitted detailed accountings of legal billing and costs incurred in the case. (Def.'s Mot. Ex. 1 and 2.) After reviewing these materials, and considering the above factors, the court is satisfied that the fees are reasonable.

The Defendant's Motion for Attorney's Fees is hereby GRANTED in the amount of $ 28,550.20.

SO ORDERED.

DATE: November 18, 2014

_____
John O'Neil, Jr.
Justice, Superior Court

1/14/15   IT would appear this order was not dockered along with the Amended order of 11/20/14. This would appear to address the pending Motions and they are therefore deemed As Moot.

JHo

7

CV-12-59

ATTORNEY FOR PLAINTIFF:
MATTHEW W HOWELL
CLARK & HOWELL
PO BOX 545
YORK ME  03909

ATTORNEY FOR DEFENDANT:
ELIZABETH STOUDER
RICHARDSON WHIT MAN LARGE & BADGER
P O BOX 9545
PORTLAND ME  04112

STATE OF MAINE  
YORK, SS.

SUPERIOR COURT  
CIVIL ACTION  
DOCKET NO. RE-12-142  
~~JON - YOR - CU - 12-059~~  
~~6/2/2013~~

BNY MELLON, N.A. TRUSTEE OF )  
THE JACK F. BENNETT )  
REVOCABLE TRUST, )  
)  
Plaintiff, )  
)  
v. )  
)  
RE/MAX REALTY ONE, )  
)  
Defendant. )

ORDER

I.    Background

Plaintiff, BNY Mellon, owned property in York, Maine, and entered an agreement to retaining Defendant, RE/MAX Realty One, to exclusively list and sell the property. The contract included the clause: "if any earnest money is forfeited by a Buyer, it shall be distributed one half to Seller, one half to Agency. In no event shall the Agency portion exceed the agreed upon commission set forth."

Joseph Sullivan entered a Purchase and Sales agreement for Plaintiff's property on May 12, 2011. Mr. Sullivan provided the escrow agent, also Defendant, with payments totaling $86,900.00. Mr. Sullivan later decided he did not want to purchase the property. There was a dispute between Plaintiff and Mr. Sullivan as to which party had breached the Purchase and Sales agreement and was entitled to the escrowed monies. Through mediation, Plaintiff and Mr. Sullivan agreed that Mr. Sullivan would receive $37,400.00 and Plaintiff would receive $49,500.00. Defendant advised the parties that they needed to sign an authorization in order for the monies to be released. After both parties signed the releases prepared by Defendant, Defendant released the full $37,400.00

1

to Mr. Sullivan and only $24,750.00 to Plaintiff, retaining $24,750 for itself. Plaintiff has filed this lawsuit seeking the $24,750.00 Defendant retained, claiming breach of contract, breach of agency, violation of fair trade practices, fraud, and unjust enrichment. Defendant has counterclaimed for declaratory judgment, breach of contract, and indemnification and attorneys fees. Both Parties now move for Summary Judgment.

II.     Standard of Review

Summary Judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Beal v. Allstate Ins. Co.,* 989 A. 2d 733, 738 (Me. 2010); *Dyer v. Department of Transportation,* 951 A.2d 821, 825 (Me. 2008). When reviewing a Motion for Summary Judgment, the Court reviews the parties' statements of material facts and the cited record evidence in the light most favorable to the non-moving party. *Id.*

A genuine issue of material fact exists where the fact finder must make a determination between differing versions of the truth. *Reliance National Indemnity v. Knowles Industrial Services Corp.,* 2005 ME 29, ¶7, 868 A.2d 220, 224, citing *Univ. of Me. Found. V. Fleet Bank of Me.,* 2003 ME 20, ¶20, 817 A.2d 871, 877. Furthermore, "a fact is material if it could potentially affect the outcome of the case." *Id.*

III.    Discussion

A. Breach of Contract

Defendant moves the Court for Summary Judgment on Plaintiff's claim of Breach of Contract. Defendant claims that the funds recovered by Plaintiff after settlement with Mr. Sullivan were forfeited funds subjected to division between Plaintiff and Defendant pursuant to the listing agreement. The parties both used the definition of forfeiture found

2

in Black's Law dictionary: "The divestiture of property without compensation. The loss of a right, privilege, or property because of crime, breach of obligation, or neglect of duty." *Blacks Law Dictionary* 722 (9th ed. 2009). The parties dispute whether funds determined by a settlement can be considered forfeited. The situation for mediation arose because Mr. Sullivan signed the purchase and sales agreement, deposited funds into escrow and then no longer wished to purchase the property. Potentially, Mr. Sullivan would have forfeited his deposit. Mediation occurred because Mr. Sullivan disputed the forfeiture of his full deposit. Mr. Sullivan did not concede to having breached the Purchase and Sales Agreement and therefore was unwilling to lose property as a result. Because the escrowed funds were divided through a settlement process involving a dispute of a breach of contract, they did not represent a loss of a property because of a finding of forfeiture . The parties to this contract were free to define terms to deal with this type of eventuality but the court cannot conclude that "forfeiture" encompasses this situation.

The Court grants Summary Judgment to Plaintiff in the amount of $24,750.00.

B. Breach of Agency

Defendant moves the Court for Summary Judgment on Plaintiff's claim of breach of agency. While there is no recognized claim in Maine for breach of agency, Plaintiff appears to be making a claim for breach of contract against Defendant based upon the authorization form. Plaintiff did sign a form allowing Defendant to release the escrowed funds in the amount of $49,500.00 to Plaintiff. Defendant released only half of that amount to Plaintiff. Plaintiff did suffer damages as a result of receiving only half of the

3

settlement amount. However, the authorization form was not an agreement by Defendant with Plaintiff, it was an authorization by Plaintiff allowing Defendant to act. Defendant did not breach the contract because there was no contract. Defendant's Motion for Summary Judgment is granted as to Plaintiff's claim of breach of agency.

C. Unfair Trade Practices

Defendant moves the Court for Summary Judgment on Plaintiff's claim of Unfair Trade Practices. "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." 5 M.R.S. § 207, 213 (2012). Plaintiff alleges that it was unaware Defendant would take half of the settlement amount. Plaintiff alleges it would not have made that settlement agreement had it known. Plaintiff alleges that Defendant coerced Plaintiff into signing the authorization form without warning Plaintiff that Defendant was planning to withhold half of the settlement amount. Defendant argues that Plaintiff had notice that any settlement funds would be divided between Plaintiff and Defendant according to the listing agreement because the settlement funds were forfeited funds. The Court finds Defendant had no bad faith or intent to deceive Plaintiff in getting an authorization agreement and withholding the $24,750. The Court grants Defendants Motion for Summary Judgment as to Plaintiff's Claim of Unfair Trade Practices.

D. Fraud

Defendant moves the Court for Summary Judgment on Plaintiff's claim of fraud. "To prevail on a claim for intentional fraud, the plaintiff must prove by clear and convincing evidence: (1) that the defendant made a false representation, (2) of a material fact, (3) with knowledge of its falsity or in reckless disregard of whether it is true or false,

4

(4) for the purpose of inducing the plaintiff to act in reliance upon it, and, (5) the plaintiff justifiably relied upon the representation as true and acted upon it to the plaintiff's damage." *Rand v. Bath Iron Works Corp.*, 2003 ME 122, 832 A.2d 771, 773. Similarly to Plaintiff's claim of unfair trade practices, the Court finds that Defendant did not seek to deceive Plaintiff by failing to disclose its intent to withhold half the settlement amount from Plaintiff at the time Plaintiff signed the authorization form. Defendant acted under the belief that the settlement funds were forfeited. The Court grants Defendant's Motion to Dismiss Plaintiff's claim of fraud.

E. Unjust Enrichment

Defendant moves the Court for Summary Judgment on Plaintiff's Claim of unjust enrichment. Unjust enrichment refers to "recovery for the value of the benefit retained when there is no contractual relationship, but when, on the grounds of fairness and justice, the law compels performance of a legal and moral duty to pay." *In re Wage Payment Litig. v. Wal-Mart Stores, Inc.*, 2000 ME 162, ¶ 19, 2, 759 A.2d 217. Plaintiff and Defendant did have a contract in which they agreed to terms. Defendant performed on the contract. Defendant was not unjustly enriched. The Court grants Defendant's Motion for Summary Judgment on Plaintiff's claim of unjust enrichment.

F. Counter Claim – Breach of Contract

Plaintiff has moved the Court for Summary Judgment on Defendant's counterclaims. Defendant argues that Plaintiff had a contractual right under the Purchase and Sales agreement to collect the forfeited funds upon Mr. Sullivan's breach. "In the event of default by the Buyer (Sullivan), Seller (BNY Mellon) may employ all legal and equitable remedies, including without limitation, termination of this Agreement and

5

forfeiture by Buyer of the earnest money." Purchase & Sales Agreement ¶ 17. Defendant

argues that had Plaintiff pursued that remedy, Defendant would have been entitled to

$43,450.00. Defendant claims that Plaintiff's failure to exercise the right to claim the

money in escrow upon Mr. Sullivan's default deprived Defendant of $18,700. The Court

finds that Plaintiff was not entitled to claim the escrowed funds as forfeited because it

was contested which party to the Purchase & Sales Agreement defaulted. Plaintiff did not

give up a right nor deprive Defendant of money that it would otherwise have had by

entering into mediation. The Court grants Plaintiff's Motion for Summary Judgment on

Defendant's counterclaim of breach of contract.

G. Indemnification

Plaintiff has moved the Court for Summary Judgment on Defendant's Motion for

Indemnification and Attorney's Fees. "An indemnification claim based on contract must

rest on a clear, express, specific, and explicit contractual provision, under which the party

against which a claim is to be asserted has agreed to assume the duty to indemnify."

*Devine v. Roche Biomedical Laboratories, Inc.*, 637 A.2d 441, 446 (Me. 1994). The

Defendant cites to three different clauses as support for its claim of indemnification:

(1)    "Seller agrees to hold Agency harmless from any loss or damage that might result from authorizations provided in the Agreement." (Listing Agreement).

(2)    "In the event that the Agency is made a party to any lawsuit by virtue of acting as an escrow agent, Agency shall be entitled to recover reasonable attorney's fees and costs which shall be assessed as court costs in favor of the prevailing party." (Purchase & Sales Agreement ¶6)

(3)    The undersigned hereby agree to hold each other, all real estate brokerage agencies involved in the transaction and their licensees harmless from any and all claims, suits, actions and damages arising out of such agreement. (Authorization).

6

Due to the ruling on the various claims as detailed above, the Court cannot conclude that the Defendant was a "prevailing party" when viewing this case as a whole and to award costs and fees according to the second clause cited, as found in the Purchase and Sales Agreement.

IV.     Conclusion

The Court grants Defendant's Motion for Summary Judgment as to: Plaintiff's claims of Breach of Agency, Unfair Trade Practices, Fraud, Unjust Enrichment and Indemnification.

The Court grants Plaintiff's Motion for Summary Judgment as to: Plaintiff's Claim of Breach of Contract, Defendant's Counterclaim of Breach of Contract.

DATE:     8/2/13

_____
John O'Neil, Jr.
Justice, Superior Court

7

ATTORNEY FOR PLAINTIFF:
MATTHEW W HOWELL
CLARK & HOWELL
PO BOX 545
YORK ME  03909


ATTORNEY FOR DEFENDANT:
ELIZABETH STOUDER
RICHARDSON WHITMAN LARGE & BADGER
PO BOX 9545
PORTLAND ME  04112-9545